## YOUNGSTOWN (city) v ROCHFORD

Ohio Appeals, 7th Dist, Mahoning Co

Decided April 11, 1935

368

U. F. Kistler, Law Director, Youngstown, for plaintiff in error.

Carl Armstrong, Youngstown, for defendant in error.

## OPINION

By NICHOLS, J.

In the brief filed by the plaintiff herein the plaintiff, in error first urged that the court erred in overruling the motion of the defendant below to strike from plaintiff's petition the language above quoted, with reference to the city causing the appearance of plaintiff's property to be that of a public dumping ground with the result that the public had used the same as a place to dispose of tin cans, etc.

An examination of the record fails to disclose any evidence offered by the plaintiff below upon the trial with reference to this particular phase of the plaintiff's petition. There is no claim of error in the charge of the court upon the subject of damages arising from this use of plaintiff's premises by the public as a dumping ground, and we can see no indication that the jury took into consideration this special claimed damage in arriving at their verdict. We find no error prejudicial to the defendant below in the overruling of the motion to strike from the petition.

It is next urged by the plaintiff in error that the court erred in overruling the motion made by the city of Youngstown to strike from the record the testimony of Charles F. McCall, who testified as a real

estate expert for the plaintiff, and on cross examination, in response to questions of defendant's counsel, the witness admitted that previously he had had some conversation with the plaintiff, at one time, for not more than five minutes, presumably with regard to this litigation or the claim of the plaintiff against the city. It is the theory of counsel for the defendant that having talked with the plaintiff he became disqualified as an expert. It is not indicated, however, what the precise nature of the conversation was, that it related to the damage to the property by reason of the claimed wrongful conduct of the city, or that his judgment as to the value of the property or the damage to it was based upon, influenced by or affected in any way by this conversation. We are not able to see that prejudicial error occurred in the refusal of the court to strike from the record the testimony of this witness. The facts brought out upon this cross examination were proper for the purpose of affording the jury the opportunity to give to the testimony of this witness such weight as they deemed it entitled under the circumstances shown.

The third ground of error urged is that the court committed prejudicial error in admitting testimony over the objection of plaintiff in error and to which exceptions were duly taken. As shown by the record, pages 119 to 122, inclusive, Mr. McCall, a real estate expert, was permitted to testify upon direct examination by counsel for plaintiff, as follows:

"Q. Now also confining our questions to the same lot, 14307, what would be the fair market value of that lot for the highest and best uses for which it is available without the lateral sewer on it extending from Dewey Avenue down to the concrete sewer?

Defendant objects.
Court: He may answer.
Defendant excepts.

A. I don't understand your question. You mean what is the value of the frontage?
Q. What is the value say of that lot that the lateral sewer is on?
A. This one lot?
Q. Take a lot we will say forty feet in width on Dewey Avenue and an average depth of 125 or 150 feet, as the case may be, whatever an average lot is,—what is the fair market value of that lot at the present time without the sewer on it?

Defendant objects.
Court: He may answer.
Defendant excepts.

A. Of a forty foot lot?
Q. Yes.
A. About $1200.00.

Mr. Thomas: Motion to exclude the answer.
Court: It may remain.
Defendant excepts.
A. It is valueless.
Q. It is valueless?
A. It is valueless.

Mr. Thomas: I want an objection to that question; it is a little too fast here.
Court: Yes, let the record show an objection properly made, and before I rule on it, you mean by value, fair market value, I presume?
Mr. Armstrong: Yes.
Court: He may answer the question.
Defendant excepts.
Court: And then your answer is what?
A. Am I to assume this is the value now, or five years ago, or ten years ago or when?
Court: Now, is what Mr. Armstrong asked for.

A. Now? Assuming there was no sewer there, assuming there was no storm drain there?
Q. If there were no sewer there, and if there were a sewer there, I am asking you two ways.
A. You haven't asked me the other question; you asked me how much was a forty foot lot worth if there was no sewer there, is that what I understand?
Q. I asked you, but you probably didn't hear it. I will repeat the question so we can get it. What would be the fair market value of a forty foot lot of average depth in a location where the lateral sewer extends down from Dewey Avenue to the concrete sewer, at the present time?

Defendant objects.
Court: He may answer.
Defendant excepts.

A. About $1200.00.

Mr. Thomas: Motion to exclude the answer.
Court: It may remain.
Defendant excepts.

Q. Now, what is the fair market value of that lot with the sewer on it in the

condition it is, with the wall and the sewer constructed there as it has been?

A. It is worth nothing.

Mr. Thomas: Objection; just a minute.
Court: He may answer.
Defendant excepts.
Court: Your answer is what?

A. It is worth nothing.
Mr. Thomas: Motion to exclude the answer, and exception."

It was unquestionably the right of plaintiff in error to offer evidence of any and every purpose for which said lot No. 14307 was available, and the value for each such purposes, and it was therefore proper for plaintiff to show that the said lot No. 14307 was susceptible of being divided into forty foot lots of approximately the same dimensions as other lots in the same neighborhood, and it is also apparent from the record that the lateral sewer extended on to plaintiff's property would affect no more than a part of said tract of the width of approximately forty feet. We can see no prejudicial error in the admission of the testimony objected to by counsel for the defendant. It was proper for the plaintiff to offer evidence of the damages to the particular portion of the property affected by the construction of the lateral drain or sewer as of the time of the trial. The limiting of the damages to a portion only of the premises of the plaintiff could not prejudicially affect the rights of the defendant below as it tended to mitigate the damages rather than to increase them.

The fourth ground of error complained of is with reference to the testimony of the same witness, McCall, as shown on pages 117 and 118 of the record as follows:

"Q. Then, Mr. McCall, we will state it in another way, which means just the same thing, but getting at it in a little different form. What would you say was the value of the use of that lot 14307 without the sewer on it?

Defendant objects.
Court: He may answer.
Defendant excepts.

A. For how many years?
Q. Since 1930, at the time of the purchase?

Defendant objects.
Court: He may answer.
Defendant excepts.

A. About $6200.00.

Mr. Thomas: Motion to exclude the answer.
Court: It may remain.

A. May I just have the question read to me again before that answer is completed?
Question read.
A. $6200.00. Now I would like to explain my answer.

Defendant objects.
Court: It depends what you are going to explain. If you are going to explain the method of computing that, I can't let you do it; just state the—

A. That is what I was going to do.
Q. That will come on cross examination probably. Now what would you say is the value of the use of that tract under present conditions, with the sewer on its discharging surface water and sewage as has been described and that part of this tract in the condition as has been described here by the witnesses from the sewage as left on it, stagnant water and so forth, at the present time, what is the value of the use of that tract under these conditions at the present time?

Defendant objects.
Court: And from 1920, upon that assumption?
Mr. Armstrong: Yes.
Court: He may answer.
Defendant objects and excepts.

A. It figures $2,065.00—about $2000.00.

Mr. Thomas: Motion to exclude the answer.
Court: It may remain.
Defendant excepts."

We can see no error prejudicial to the court refusing to permit the witness, on direct examination, to explain how he put the valuation of $2,000.00 for the use of the tract in question. This explanation might very properly, as stated by the court, have been brought out upon cross examination. It was also proper to affect the weight of the testimony of the witness by having the witness explain, upon cross examination, all of the conditions upon which he based his testimony. This is the proper function of cross examination. We can see no prejudicial error in the overruling by the court of the objections to this testimony.

The action of plaintiff was in the nature of a trespass upon real property. It will be noted that neither in the answer of the defendant or in the objection made by the defendant below to the introduction of evidence on behalf of the plaintiff was the statute of limitations invoked by the defendant in this action. The petition was silent as to any period of time during which it is claimed the damage occurred. It would have been proper for the defendant to have moved to require the petition to be made definite and certain upon this point, but no such motion was interposed. If the motion had been interposed and sustained by the court, the defendant below might have demurred to the amended petition, but no such motion was filed. The statute of limitations is an affirmative defense and not having been interposed by the defendant, it was proper for the court to permit the plaintiff to prove damages as shown by the record.

It is said in **Vol. 13, Ohio Jurisprudence, page 125:**

"The proper measure of damages for wrongful injury to real estate which is of a permanent or irreparable nature is the difference of the market value of the property as a whole, including the improvements thereon immediately before and immediately after the injury."

On **page 128, Vol. 13, Ohio Jurisprudence,** a different rule is stated for injury to real property of a temporary nature or if susceptible to repair. It is proper for the plaintiff to present evidence as to the measure of damages for wrongful injury to the real estate in question of both a permanent and irreparable nature, as well as of a temporary nature by reason of the character of the injury claimed in the petition. The defendant below admits a trespass upon the plaintiff's property in the construction of the lateral drain or sewer from Dewey Avenue in a southerly direction into and upon plaintiff's property. The city had no right to trespass upon or appropriate plaintiff's property for this purpose without rendering compensation therefor. It is claimed by the plaintiff that the damages to his property arose partly from the fact that the city had permitted the large storm drain to be used for the disposal of sewage from the properties in the neighborhood, and that this injury was of a temporary nature and could be remedied upon proper and reasonable effort of the city to determine from whence such sewage came and

by taking measure to prevent the storm drain from being used as a sanitary sewer.

It is conceded by the testimony of the defendant below that the most effective means of discovering the source of this sanitary sewage was not used by the defendant below. These facts were all proper to be submitted to the jury for their determination of the amount of damages to which the plaintiff below was entitled by reason of the conceded fact that the city had permitted the storm drain to be used for the disposal of sewage upon plaintiff's property and the fact that the city had, without first compensating plaintiff therefor, taken part of plaintiff's property for the construction of the lateral drain or sewer above referred to.

As stated above, it was proper for the city to have required the plaintiff to make his petition definite and certain in certain respects, but the defendant chose to go to trial without having done so, and we think the city can not be heard to complain after the verdict and judgment of the lower court.

The fifth ground of error seems to be based upon the proposition that the verdict is contrary to law. This ground of error is held to be not well founded and we do not find that reversible error occurred in this respect.

The sixth ground of error is as to the instruction of the court to the jury, as follows:

"This branch of the case being what is known in law as a temporary injury, the measure of the damage for the diminution of the value of the use of the property during the period it was injured by the condition claimed, if any; that is to say, it is the diminution of the value of the use of the property during the period that the injury persisted."

It will be remembered in this case that the defense of the statute of limitations was in no way invoked by the defendant below, and it is the law of Ohio that the statute of limitations is an affirmative defense. A perusal of the petition would have informed the defendant that he was not limiting the damages claimed to the period of four years, and it must be held that the defendant waived the interposition of a defense of the statute. The defendant could have protected itself by raising this question when the evidence admitted tended to indicate a longer period was sought to be recovered for, but no objection was made upon this ground. It is not the province of this court

to reverse the judgment of the trial court merely because the defendant in an action has not set up all his defenses. From the record it is clear that the property of plaintiff has been substantially damaged by the failure of the city to exercise reasonable care to prevent the storm drain in question from being used for the disposal of sewage and it is further clear from the record that the city, without right, otherwise entered upon the plaintiff's property in the construction of the lateral drain or sewer from Dewey Avenue southerly on to plaintiff's property.

After a thorough consideration of the whole record we are unable to certify that substantial justice has not been done in this case, and we hold, after a consideration of all the assigned errors, that no error prejudicial to the rights of the defendant below has intervened, and the judgment of the Common Pleas Court is therefore affirmed.

Judgment affirmed.

CARTER, J, concurs.
ROBERTS, J, dissents.